# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | : | |
|     Plaintiff, | : | Civil Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| BRYAN COLLIER, Executive | : | THIS IS A CAPITAL CASE |
| Director, Texas Department of | : | |
| Criminal Justice, Huntsville, Texas; | : | ***EXECUTION SET FOR*** |
| | : | ***October 27, 2021*** |
| BOBBY LUMPKIN, Director, Texas | : | |
| Department of Criminal Justice, | : | |
| Correctional Institutions Division, | : | |
| Huntsville, Texas; and | : | |
| | : | |
| DENNIS CROWLEY, Warden, Texas | : | |
| Department of Criminal Justice, | : | |
| Huntsville Unit, Huntsville, Texas, | : | |
| | : | |
|     Defendants. | : | |

## COMPLAINT PURSUANT TO 42 U.S.C. § 1983

Peter Walker
Assistant Federal Defender
Federal Community Defender Office
  for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
peter_walker@fd.org

Richard W. Rogers, III
710 Buffalo St., Ste. 202
Corpus Christi, TX 78401
(361) 888-7620
rwrogersiii@aol.com

# INTRODUCTION

1.  Plaintiff Ruben Gutierrez is a devout Catholic prisoner on death row who is currently scheduled to be executed by the State of Texas on October 27, 2021. Pursuant to the Texas Department of Criminal Justice's ("TDCJ") April 2021 Execution Procedure (the "2021 Execution Procedure"), Mr. Gutierrez will be executed under conditions that violate the First Amendment and substantially burden the exercise of his religious beliefs as protected by the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. Mr. Gutierrez's request through the requisite TDCJ administrative channels for a reasonable accommodation—to have a Catholic spiritual advisor (a) pray aloud, (b) perform Viaticum, and (c) touch his shoulder in the execution chamber until he is pronounced dead—has been denied. Relief is necessary to ensure that he is executed in a manner that does not substantially burden the exercise of his religious beliefs, does not violate his rights under the First Amendment, and complies with RLUIPA.

# JURISDICTION

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1651, 2201, and 2202, and under 42 U.S.C. § 1983.

## VENUE

3. Venue lies in this Court under 28 U.S.C. § 1391 because Defendants reside in the Southern District of Texas. Venue is also proper because the execution will occur in this district.

## PARTIES

4. Plaintiff Ruben Gutierrez is a United States citizen and resident of the State of Texas. He is currently incarcerated, under a sentence of death imposed by the 107th Judicial District Court of Texas (the "107th District Court"), at the Allan B. Polunsky Unit of the TDCJ in Livingston, Texas. He is scheduled to be executed on October 27, 2021.

5. Bryan Collier is the executive director of the TDCJ. He is being sued in his official capacity. He is responsible for the oversight and enforcement of policies and procedures generally applicable to all prisons and all prisoners and is responsible for carrying out Mr. Gutierrez's execution.

6. Bobby Lumpkin is the director of the Correctional Institutions Division (the "CID") of the TDCJ. He is being sued in his official capacity. In his capacity as director of the CID, he adopted the 2021 Execution Procedure. Mr. Lumpkin is also the person charged by the trial court's order to execute the judgment of death against Mr. Gutierrez.

7. Dennis Crowley is the senior warden of the Huntsville Unit, the unit at

which TDCJ executes inmates. He is being sued in his official capacity. As the warden of the Huntsville Unit, Mr. Crowley is the TDCJ official who supervises Texas executions.

## FACTUAL AND PROCEDURAL BACKGROUND

8. On April 21, 2021, TDCJ implemented the 2021 Execution Procedure. *See* Ex. 1. The 2021 Execution Procedure allows for a spiritual advisor to be present in the execution chamber at the time of execution, but does not directly address the restrictions TDCJ places on spiritual advisors who are in the execution chamber. *See* Ex. 2.

9. After reviewing the 2021 Execution Procedure, on May 20, 2021, counsel for Mr. Gutierrez asked Defendants to confirm whether, under the 2021 Execution Procedure, TDCJ would accommodate Mr. Gutierrez's spiritual needs. Specifically, counsel for Mr. Gutierrez asked whether the 2021 Execution Procedure would accommodate Mr. Gutierrez's spiritual needs for: (1) "the spiritual advisor of his choosing to pray uninterrupted for several minutes while touching his shoulder in the chamber directly prior to the administration of lethal injection"; and (2) "the spiritual advisor of his choosing to continue prayer out loud while touching his shoulder in the chamber as lethal injection is being administered until he is pronounced dead." Ex. 3.

10. Mr. Gutierrez is a devout Catholic and considers these practices to be part of last rites. 8/6/20 Gutierrez Tr. at 78:4-80:5, *Gutierrez v. Saenz*, No. 1:19-cv-185 (S.D. Tex. Nov. 24, 2020), ECF No. 109-1, A-327. Mr. Gutierrez has explained to Defendants his sincerely held belief that a spiritual advisor's "prayers guide your soul into the afterlife" and should be performed "up to and shortly after[]" death to capture "the moment of separation between soul and body." *Id.* at 78:24-80:10. He has also explained that his spiritual advisor is "supposed to have his hand on [his] shoulder to do it properly." *Id.* at 83:12-13. These are beliefs Mr. Gutierrez has held "all [of his] life" since "Bible school." *Id.* at 73:14-16.

11. Additionally, Defendants have allowed touching and praying in the past. According to Chaplain Wayne Moss, prior to April 2019, TDCJ chaplains were permitted to place their hand on the condemned during an execution. *See* 6/24/19 Moss Tr. at 19:4-8, *Murphy v. Collier*, No. 4:19-cv-1106 (S.D. Tex. June 24, 2019), ECF No. 110-14. Chaplains Thomas Brouwer and Timothy Jones have testified that TDCJ chaplains could also pray with prisoners during an execution. *See* 6/24/19 Brouwer Tr. at 30:25-31:3, *Murphy v. Collier*, No. 4:19-cv-1106 (S.D. Tex. June 24, 2019), ECF No. 109-1; 6/24/19 Jones Tr. at 24:15-20, *Murphy v. Collier*, No. 4:19-cv-1106 (S.D. Tex. June 24, 2019), ECF No. 109-2.

12. Furthermore, under the 2021 Execution Procedure, TDCJ has in place specific protocols to ensure security in the chamber. The spiritual advisor

4

ministering to the condemned must have "previously established an ongoing spiritual relationship with the inmate," passed a criminal background check, and completed two hours of in-person orientation. Ex. 2 at 3-4. Moreover, on the day of the execution, the spiritual advisor will need to clear security and may be subject to criminal penalties for any failure to comply with the 2021 Execution Procedure's nondisclosure agreement. *Id*. at 12.

13. Notwithstanding these robust safeguards, Defendants confirmed on May 20, 2021, that the 2021 Execution Procedure would not meet Mr. Gutierrez's spiritual needs, stating that "TDCJ will not permit Mr. Gutierrez's spiritual advisor to place his hand on Mr. Gutierrez's shoulder once it is time for the lethal injection to be administered." Ex. 3.

14. Subsequently, on or about June 21, 2021, Mr. Gutierrez submitted an I-60 "Offender Request to Official" form, requesting that his spiritual advisor, a Catholic priest, be permitted to touch him, perform Viaticum, and pray out loud until his soul leaves his body.

15. Mr. Gutierrez received a reply shortly thereafter from Chaplain Joaquin Gay with the Chaplaincy Department, denying his request because "TDCJ does not allow the spiritual advisor to touch or pray out loud with the inmate once inside the execution chamber." Ex. 4.

16. On or about July 6, 2021, out of an abundance of caution, Mr. Gutierrez filed another I-60, directed to Warden Daniel Dickerson, lodging the same request outlined in his June 21 I-60. Ex. 5. Specifically, Mr. Gutierrez requested that: (1) "Father Tarsisius Puling . . . [be] present with me in the execution chamber the entire time until I am pronounced dead," and (2) Father Tarsisius "be able to touch my shoulder, and pray for me out loud until[ ] after I am pronounced dead and my soul has left my body," and (3) "perform Viaticum (Last Rite's)" in accordance with his sincerely held religious beliefs. He explained that these three acts "need[ ] to be done to ensure my path to the after life." *Id*.

17. On or about July 6, 2021, Mr. Gutierrez's I-60 request was again denied because "TDCJ Policy does not allow [the] spiritual advisor to touch the inmate" in the chamber. *Id*.

18. In response, Mr. Gutierrez immediately filed a Step 1 "Offender Grievance" form. The grievance was received by Assistant Warden Bobby Rigsby, who replied on or about August 17, 2021, as follows: "Your grievance has been investigated. The Spiritual advisor is not allowed to touch the inmate or to pray out loud. No further action is warranted by this office."

19. Mr. Gutierrez appealed the denial of his Step 1 grievance and filed a Step 2 grievance on or about August 23, 2021. TDCJ has yet to decide Mr. Gutierrez's appeal.

20. Mr. Gutierrez files this Complaint in light of the fact that his execution is scheduled to occur in two months.

## CLAIMS FOR RELIEF

21. Mr. Gutierrez re-alleges and incorporates herein by reference all the allegations contained in the preceding paragraphs of this Complaint.

### First Claim for Relief: Free Exercise of Religion

22. The First Amendment commands that "Congress shall make no law . . . prohibiting the free exercise of" religion. U.S. Const. amend. I. The Free Exercise Clause's command is binding on the states. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

23. TDCJ's 2021 Execution Procedure will prohibit Mr. Gutierrez's free exercise of his Catholic faith in the crucial moments leading to his passage to the afterlife. The level of scrutiny to be applied when reviewing policies that hinder an individual's ability to freely exercise his religion depends on whether the law is neutral and generally applicable. As Justice Kennedy explained in *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993), "a law that is neutral and of general applicability need not be justified by a compelling government interest even if the law has the incidental effect of burdening a particular religious practice." *Id.* at 531. A law that does not satisfy both of these requirements "must be justified by a compelling governmental interest and must be narrowly tailored to advance that

interest." *Id.*; *see also Masterpiece Cakeshop v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1734 (2018) (Gorsuch, J., concurring).

24. TDCJ's policy is not neutral because it evinces a hostility toward Catholics, like Mr. Gutierrez, whose faith requires last rites to be administered at the time of death. Accordingly, the policy is permissible only if it can survive strict scrutiny. As a court within this District recently explained, "[s]peculative hypotheticals without evidentiary support do not create an unmanageable security risk." *Gutierrez v. Saenz*, No. 1:19-cv-185 (S.D. Tex. Nov. 24, 2020), Doc. 124 at 29. TDCJ's policy is not narrowly tailored to advance a compelling governmental interest and thus cannot survive strict scrutiny because a spiritual advisor who passes TDCJ's background check, completes a two-hour in-person orientation, passes an on-site physical security screening, and may be subject to criminal penalties in the event of non-compliance does not create an unmanageable security risk if he touches the condemned on the shoulder, performs Viaticum, and prays aloud as the condemned passes away.

25. For these reasons, the 2021 Execution Procedure violates Mr. Gutierrez's rights under the First Amendment's Free Exercise Clause.

### Second Claim for Relief: RLUIPA

26. Mr. Gutierrez re-alleges and incorporates herein by reference all the allegations contained in the preceding paragraphs of this Complaint.

27. RLUIPA provides in part that: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by the "least restrictive means." *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)). "In RLUIPA, in an obvious effort to effect a complete separation from the First Amendment case law, Congress deleted reference to the First Amendment and defined the 'exercise of religion' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Burwell v. Hobby Lobby Stores*, 573 U.S. 682, 696 (2014) (quoting 42 U.S.C. § 2000cc-5(7)(A)).

28. Accordingly, if the Court concludes that TDCJ's policy does not violate Mr. Gutierrez's rights pursuant to the Free Exercise Clause, the Court should nevertheless find that TDCJ's policy violates RLUIPA. Prohibiting Mr. Gutierrez from being touched and prayed over by a Catholic priest, in conformance with the requirements of his faith, is an explicit and substantial burden on religious exercise. *See, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (where prisoner shows exercise of religion "grounded in a sincerely held religious belief," enforced prohibition "substantially burdens his religious exercise").

29. TDCJ's policy prohibiting touching and vocal prayer in the chamber does not represent the "least restrictive means" for Defendants to further a

"compelling governmental interest." The burden is on Defendants to prove that TDCJ's policy employs the least restrictive means to further a compelling interest, *Holt*, 574 U.S. at 358, and Defendants "cannot blindly abdicate [their] obligation to safeguard an inmate's religious rights in the spiritually charged final moments of life." *Gutierrez v. Saenz*, No. 1:19-cv-185 (S.D. Tex. Nov. 24, 2020), Doc. 124 at 29. Similarly here, a priest who passes TDCJ's background check, completes a two-hour in-person orientation, passes an on-site physical security screening, and may be subject to criminal penalties in the event of non-compliance does not create an unmanageable security risk if he touches the condemned on the shoulder, performs Viaticum, and prays aloud as the condemned passes away.

30. For these reasons, the 2021 Execution Procedure violates Mr. Gutierrez's rights under RLUIPA.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court provide relief as follows:

1. A declaratory judgment that TDCJ's policy violates Mr. Gutierrez's rights under the First Amendment's Free Exercise Clause;

2. A declaratory judgment that TDCJ's policy violates RLIUPA; and

3. A preliminary and permanent injunction prohibiting Defendants from executing Mr. Gutierrez until they can do so in a way that does not violate his rights.

Respectfully submitted,

/s/ Peter Walker
Peter Walker
Assistant Federal Defender
Federal Community Defender Office for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
peter_walker@fd.org

/s/ Richard W. Rogers, III
Richard W. Rogers, III
710 Buffalo St., Ste. 202
Corpus Christi, TX 78401
(361) 888-7620
rwrogersiii@aol.com

Counsel for the Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing pleading and the attachments thereto on the following person by ECF filing and first class mail:

Jefferson David Clendenin
Leah O'Leary
Edward Larry Marshall
Assistant Attorneys General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548


/s/ Peter Walker
Peter Walker


Dated: August 25, 2021